FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 18 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRENDA G. BROWN,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL ACTION NO.
1:04-CR-224-TWT-GGB-2

## ORDER AND OPINION

Movant pled guilty to multiple felonies in this case, and the Court sentenced her on June 29, 2005. Movant's sentence included $11,089,686.23 in restitution. On March 13, 2007, the Court denied Movant's collateral challenge to her conviction and sentence under 28 U.S.C. § 2255, and the Eleventh Circuit affirmed that denial on March 11, 2008. Movant now has filed a motion to vacate restitution order (Docs. 509 & 527) and a motion for modification or reduction of sentence (Doc. 523).[1]

In her motion to vacate restitution, Movant argues that the Court entered its restitution order too late. Thus, she contends that the restitution component of her sentence must be vacated.

---

[1] Movant filed her motion to vacate restitution order twice, and both motions are identical. (Docs. 509 & 527.) The Clerk docketed the first filing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 509.)

AO 72A
(Rev.8/82)

There is no basis upon which the Court can vacate the restitution component of Movant's sentence. A motion under 28 U.S.C. § 2255 "cannot be utilized by a federal prisoner who challenges only the restitution portion of [her] sentence because § 2255 affords relief only to those prisoners who claim the right to be released from custody." *Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) (internal quotations omitted); *see also Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (per curiam) (holding that federal prisoners cannot challenge restitution orders under § 2255 even if they also challenge custody via other claims). Even if Movant could pursue her challenge under § 2255, she first would have to obtain permission from the Eleventh Circuit because she has already filed a § 2255 motion that the Court denied. *See* 28 U.S.C. § 2255(h).

Nor can Movant obtain a writ of habeas corpus under 28 U.S.C. § 2241 regarding the restitution component of her sentence. The writ of habeas corpus is available only to a person in custody in violation of the Constitution or federal law, and a challenge to restitution is not a challenge to custody. *See* 28 U.S.C. § 2241(c)(3); *Hensley v. Mun. Court*, 411 U.S. 345, 345, 351 (1973) (defining "in custody" within the meaning of the federal habeas corpus statute); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (reasoning that a fine does not restrain

one's liberty and, thus, does not constitute custody).[2] Relying on this authority, federal courts in this circuit have rejected collateral challenges, like Movant's, to restitution. *See, e.g., Blaik*, 161 F.3d at 1343; *Austin v. United States*, No. 2:07-CV-616-FTM-29DNF, 2009 WL 377215, at *1-*2 (M.D. Fla. Feb. 12, 2009) (holding that challenge to only restitution could not be brought under § 2241 or § 2255); *Duffy v. Grayer*, No. 1:08-CV-476-TCB-ECS (N.D. Ga. Aug. 12, 2008) (same).

Accordingly, Movant's motion to vacate restitution order (Docs. 509 & 527) is **DENIED**. As for Movant's motion for modification or reduction of sentence (Doc. 523), the Court **DIRECTS** the Government to file a response to the motion within thirty (30) days of the date this Order is entered.

**SO ORDERED** this 15 day of October, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The court in *Duvallon* held that a person subject to a state judgment imposing only a monetary fine is not "in custody" under 28 U.S.C. § 2254. 691 F.2d at 485. The same result applies to § 2241's "in custody" requirement. *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003) ("Section 2254 . . . applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States'" under § 2241).

3