FILED IN CHAMBERS
THOMAS W. THRASH JR
U.S.D.C. Atlanta

NOV 4 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Cl.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRENDA G. BROWN,  :
   Movant,  :
                                         :
                                         :   CRIMINAL ACTION NO.
v.                                     :   1:04-CR-224-TWT-GGB-2
                                         :
UNITED STATES OF AMERICA,  :
   Respondent.  :

## ORDER AND OPINION

Movant's motion for modification or reduction of sentence [523] and Respondent's opposition to the motion [529] are pending before the Court. For the reasons discussed below, the Court **DENIES** the motion.

On November 9, 2004, Movant pled guilty in this Court to three felonies related to her commission of mortgage fraud. (Doc. 177.) On June 30, 2005, the Court ordered her to pay restitution and sentenced her to eighty-seven months imprisonment. (Doc. 312.) The Court later denied Movant's collateral challenge to her conviction and sentence under 28 U.S.C. § 2255, and the Eleventh Circuit affirmed that denial. (Doc. 468); *Brown v. United States*, 256 F. App'x 258 (11th Cir. 2007). On October 18, 2010, the Court denied Movant's motion to vacate the restitution component of her sentence. (Doc. 528.)

Movant grounds her pending motion to modify or reduce her sentence in 18 U.S.C. § 3582(c)(2). (Doc. 523.) That statute "establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission . . . and made retroactive" by the Sentencing Commission. *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (internal quotations omitted); *see* 18 U.S.C. § 3582(c)(2). Movant argues that her sentence should be reduced under § 3582(c)(2) because of an amendment to § 5H1.3 of the U.S. Sentencing Guidelines (the "Guidelines") that became effective November 1, 2010.

Section 5H1.3, which is a policy statement in the "Specific Offender Characteristics" section of the Guidelines, now provides:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).
>
> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. See § 5C1.1, Application Note 6.

U.S. Sentencing Guidelines Manual § 5H1.3 (2010); *see* Sentencing Guidelines for U.S. Courts, 75 Fed. Reg. 27388-01, 27390 (May 14, 2010). The prior version of §

2

5H1.3 provided that mental and emotional conditions "are not ordinarily relevant in determining whether a departure is warranted" but "may be relevant in determining the conditions of probation or supervised release." U.S. Sentencing Guidelines Manual § 5H1.3 (2004).

It is clear from the text of § 5H1.3 that the U.S. Sentencing Commission did not lower the sentencing range applicable to Movant's sentence when it amended this policy statement. Instead, amended § 5H1.3 merely expresses the policy that a criminal defendant's mental and emotional conditions may be "relevant in determining whether a sentence outside the applicable guideline range is warranted." Sentencing Guidelines for U.S. Courts, 75 Fed. Reg. at 27390. Thus, the Court cannot reduce Movant's prison term under § 3582(c)(2) because that statute "applies only to a limited class of prisoners – namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." See Dillon, 130 S. Ct. at 2691. Movant is not in that limited class of prisoners.[1]

---

[1] Because the Court cannot reduce Movant's sentence under § 3582(c)(2), her argument that a new sentence imposed under § 3582(c)(2) must follow United States v. Booker's holding that the Guidelines are advisory is moot. See 543 U.S. 220 (2005). Moreover, Dillon foreclosed this argument. Dillon, 130 S. Ct. at 2692 ("[P]roceedings under [§ 3582(c)(2)] do not implicate the interests identified in Booker.").

3

Even if the amendment to § 5H1.3 had lowered Movant's sentencing range, Movant's claimed mental condition – depression – was not "present to an unusual degree" so as to "distinguish [her] case from the typical cases covered by the guidelines." *See* U.S. Sentencing Guidelines Manual § 5H1.3 (2010).  The Court's findings at Movant's sentencing demonstrate this fact.  (Doc. 461.)

For the foregoing reasons, Movant's motion for modification or reduction of sentence (Doc. 523) is **DENIED**.

**SO ORDERED** this _3_ day of _November_, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)